## Samuel Fife et ux. *v.* T. J. Miller, Appellant.

[Marked to be reported.]

*Will—Codicil—Life-estate—Marketable title.*

Testator by his will directed as follows: " To my daughter Margaret I will the mansion house, already mentioned, and with it fifty acres of land and twenty-three perches, more or less, to be used and controlled by her and her husband during her lifetime for their own benefit and advantage, subject, however, to the dower already mentioned, and to the legacies yet to be mentioned (and in case she dies without children her husband, if he survive her, shall have the use of it for his benefit during his lifetime, and then it is my will that it shall go to and be inherited by my grandchildren, viz: The children of my son Alexander and daughter Rachel, both deceased, to be theirs and their heirs after them forever, and to be divided amongst them in equal proportions.) " By a codicil he directed as follows: " Codicil. 1st. I hereby alter that part of the will at the end of the twenty-second line, that now is canceled, to the middle of the thirty-second line, marked in parenthesis, so that it shall read that my son-in-law, Samuel Fife, instead of only having a life estate in it, shall possess it as his own without let or hindrance, except as subject to the legacies, of which he is to bear his part, as mentioned in the body of this will." *Held* (1) that, under the will, Samuel Fife would only be entitled to take in case he survived his wife, or she died without children, and that no change was effected by the codicil as to the contingency upon which he should take; (2) that Mr. and Mrs. Fife could not together make a marketable title to the land.

Argued Nov. 5, 1894. Appeal, No. 243, Oct. T., 1894, by defendants, from judgment of C. P. No. 2, Allegheny Co., July T., 1894, No. 668, on case stated in favor of plaintiffs. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Case stated to determine the marketability of title to land sold by plaintiffs to defendant in fee.

Plaintiffs took title to the land under the will of Andrew W. Tidball, the material portions of which are as follows:

" To my daughter Margaret I will the mansion house, already mentioned, and with it fifty-one acres, twenty-three perches of land, more or less, being the one-half of one hundred and two acres and forty-six perches, as will appear from the plot of said land, to be used and controlled by her and her husband during her lifetime for their own profit and advantage, subject to the dower already mentioned and to the legacies yet to be mentioned (and in case she dies without children, her husband, if he survive her, shall have the use of it for his benefit during his lifetime, and then it is my will that it shall go to and be inherited by my grandchildren, viz, the children of my son Alexander and daughter Rachel, both deceased, to be theirs and their heirs after them forever, and to be divided amongst them in equal proportions)."

By codicil he provided as follows:

" First: I hereby alter that part of will found recorded on second page of this will, and at the end of the twenty-second line that now is canceled to the middle of the thirty-second line marked in parenthesis, so that it shall read that my son-in-law, Samuel Fife, instead of only having a life estate in it, shall own and possess it as his own without let or hindrance, except as subject to the legacies, of which he is to bear his part as mentioned in the body of the will."

The daughter Margaret mentioned in the will, and her husband, testator's son-in-law, Samuel Fife, are still living, and have no children, and are the plaintiffs in this case.

The court entered judgment for plaintiffs on the case stated.

*Error assigned* was entry of above judgment.

*J. C. Boyer*, for appellant.—Testator expressed an intent to make a change in the part of the will inclosed in parenthesis, to " alter " this part of the will, and the change or alteration consists of an enlargement of the life estate devised to his son-in-law. The word " alter " means " to make a thing different from what it is." Anderson's Dict. ; Haynes v. State, 15 Ohio St. 455.

An instrument of writing cannot at one and the same time be both altered or changed and canceled or stricken out of existence, nor can a written instrument be canceled or stricken out of existence " so that it shall read," etc.

The life estate given by the will, and for which the fee given by the codicil (if the codicil be not void for want of certainty) was substituted, was a contingent life estate. By the codicil this contingent life estate, in remainder, is enlarged to a contingent fee in remainder. To go farther than this is to do violence to the original will and to established rules of construction.

If the devise in the will be clear, it is incumbent on those who contend that it is not to take effect by reason of a revocation in the codicil to show that the intention to revoke is equally clear and free from doubt with the original intention to devise, for if there is only a reasonable doubt whether the clause of revocation was intended to include the particular devise, then undoubtedly such devise ought to stand : Hearl v. Hicks, 8 Bing. 475 ; Murch v. Marchant, 6 M. & G. 813 ; Robertson v. Powell, 2 H. & C. 762 ; Barclay v. Maskelyne, 5 Juris. N. S. 12 ; Butler v. Greenwood, 22 Beav. 303 ; Pilsworth v. Masse, 14 Ir. Ch. 163 ; Johns Hopkins University v. Pinkney, 55 Md. 365 ; Spang v. Hill, 2 Woodw. 45 ; Lewis's Ap., 42 Leg. Int. 336 ; Reichard's Ap., 116 Pa. 232 ; Wms. Exrs., 6th Am. ed. 220 ; 1 Jarm., 6th Am. ed. 145 ; Quincy, Ex'r, v. Rogers, 9 Cush. 291.

It is contended that the codicil should be read into the parenthetical part of paragraph five of the will. This can be done so as to give full effect to the codicil, and at the same time to the provisions of the will or at least to the main intent of the testator : Schreiner's Ap., 53 Pa. 106.

The reading contended for is also in accordance with the rule that, " The disposition of a will will not be disturbed fur-

ther than to the extent necessary to give effect to the codicil: "
Hard v. Ashley, 117 N. Y. 606; 1 Jarm., 6th Am. ed. 139.

And in accordance with the rule that, " the heir at law will
not be disinherited by anything less than a clearly apparent
intention to pass the estate to another line of succession: "
Faulstich's Est., 154 Pa. 188; Cowles v. Cowles, 53 Pa. 175;
France's Est., 75 Pa. 220; Rupp v. Eberly, 79 Pa. 141; Bender
v. Dietrick, 7 W. & S. 284; Howard v. American Peace Soci-
ety, 49 Me. 288; 1 Jarm. 165.

*Alex. Gilfillan,* for appellees.—The manner of erasure and
cancellation is not material, provided the intention to destroy
and revoke the parts of the will so canceled be glaring.   It is
solely a question of intention: Evans's Ap., 58 Pa. 238; Fu-
guet's Will, 11 Phila. 75; Warner v. Warner, 37 Vt. 362.

The cancellation of a portion of the devises in the body of
a will, leaving it otherwise complete, with the declaration of
intention by testator to annul only what was canceled, leaves
the residue a valid will: 1 Wms. Exrs. 179.

A will and codicil are to be construed as one instrument,
and are to be reconciled if possible, but if plainly inconsistent
the codicil must prevail, and it is held that the determination
expressed by a codicil to alter the will in a specific particular,
negatives by implication any intention to alter it in other
respects: Schouler on Wills, 487.

A codicil will stand even if inconsistent and repugnant to a
clause in the will, and in so far as it is inconsistent with the
will it will act as a revocation: 3 A. & E. Ency. L. 296.

Where there is a codicil, that and the will are to be construed
in reference to each other to determine from change of circum-
stances, or otherwise, what it is intended to alter, and what to
retain and confirm: Quincy v. Rogers, 9 Cush. 295; Bedloe
v. Homer, 16 Gray, 432; Wetmore v. Parker, 52 N. Y. 450;
1 Jarm. 196.

It is the established rule not to disturb the dispositions of
the will further than is absolutely necessary for the purpose of
giving effect to the codicil: Kline's Ap., 86 Pa. 363; Reck's
Ap., 78 Pa. 435; 3 A. & E. Ency. L. 294.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 7, 1895:
While the codicil is somewhat obscure, yet when read in

connection with the original will of Alexander W. Tidball, deceased, it is plain that the contingent character of Mr. Fife's estate was not intended to be changed. The preferred object of testator's bounty was his daughter, Mrs. Fife, and her children. It was only in the event of her dying without children, or her husband surviving, that the latter could by any possibility become entitled to a life estate in severalty and possession. Mrs. Fife living, his interest was purely contingent; if she survived him, or die leaving children, it could never vest in possession, but must thereupon end ; and there need be no citation of authorities to show that the benefits so intended for testator's daughter and her children could not be taken away and given to Mr. Fife, a stranger in blood, without express words, or necessary implication.

It is conceded by appellant that the effect of the codicil was to enlarge the quantum of Mr. Fife's estate ; but did it revoke the double contingency so that he took a vested fee in remainder dependent on the life of his wife? It is insisted on the part of the plaintiffs that this is implied in the use of the word "canceled." But if the parenthetical clause be stricken out in accordance with this suggestion, and the codiciliary provision substituted, the result would be insensible. The devise would then "read": "To my daughter Margaret, the mansion house . . . . to be used and controlled by her and her husband during her lifetime for their own benefit and advantage . . . . (my son-in-law, Samuel Fife, instead of only having a life estate in it, shall own and possess it as his own without let or hindrance. . . . )." It will be seen at a glance that this "reading" must be abandoned. It is clear that the codicil cannot operate by way of cancellation and substitution.

On the other hand, if the purpose of the codicil was that of alteration simply, and the parenthetical clause be filled, it ought to furnish the measure of change. "I hereby" says the testator, "alter that part of (my) will . . . . in parenthesis, *so that* it shall read that my son-in-law, Samuel Fife, instead of only having a life estate in it, shall own and possess it as his own without let or hindrance." The "life estate," it will be seen, is here made the starting point of alteration. "Instead" of this, Mr. Fife "shall own and possess" what? Certainly nothing which can avail as against Mrs. Fife or her children.

As they had been by express words made preferred devisees, the presumption must be that they would so continue until they should be displaced by equivalent phrase, and none such was used. There are neither express words nor necessary implication of alteration as respects them. Even were the matter in doubt, the doubt must be resolved in their favor. If the clause of alteration be operative at all, it can only be so as against those whose interests had been postponed to Mr. Fife's " life estate."

So far as appears therefore on the face of the codicil, Mrs. Fife and her children are still preferred devisees, and the double contingency, upon the happening of which Mr. Fife could take any interest in remainder, remains unaltered. If he should die leaving his wife or she should leave children, whatever interest he has, whether under the will or codicil, must thereupon end. Mr. and Mrs. Fife can of course convey such limited interest as they have; but cannot warrant as against the possibility of issue, nor as against the children of testator's son Alexander and daughter Rachel who have not been made parties to this proceeding. It follows that they cannot convey a good title to the land which was the subject of devise, and hence the judgment of the court below must be reversed. This conclusion renders it unnecessary to express any opinion as to the question of sufficiency in the form of the deed tendered.

Judgment reversed, and judgment on the case stated is now entered in favor of defendant with costs.